RECORD NO. 14-1965

In The

# United States Court Of Appeals

## For The Fourth Circuit

**ENCOMPASS INDEMNITY COMPANY,
a Foreign Corporation,**

*Plaintiff – Appellee,*

**v.**

**GEORGE JOSEPH JACOBS, JR., deceased,
by G. PATRICK JACOBS, Executor,**

*Defendants – Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

_____

**BRIEF OF APPELLANTS**
_____

Cynthia M. Ranson
RANSON LAW OFFICES
1562 Kanawha Boulevard, East
P. O. Box 3589
Charleston, WV 25336
(304) 345-1990

*Counsel for Appellants*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____    Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?    YES    NO


2.    Does party/amicus have any parent corporations?    YES    NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:



3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    YES    NO
      If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?        YES      NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES      NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?                    YES      NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____        Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE

**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____                    _____
(signature)                                             (date)

- 2 -

# <u>TABLE OF CONTENTS</u>

**PAGE:**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF SUBJECT MATTER AND
    APPELLATE JURISDICTION ...............................................1

STATEMENT OF THE ISSUES...........................................................1

STATEMENT OF THE CASE AND FACTS ......................................2

SUMMARY OF THE ARGUMENT ...................................................9

ARGUMENT ......................................................................................11

    Standard of Review...................................................................11

    Discussion.................................................................................12

The District Court erred by concluding Encompass owed no duty to
provide coverage of any type to George Jacobs, when it is admitted by
Encompass that Jacobs is a 'covered person' under all segments of the
Policy, including the uninsured motorist coverage segment........................12

        a.    Uninsured Motorist Coverage..................................12

        b.    Legally Entitled to Recover ....................................13

The District Court erred by stripping George Jacobs of his uninsured
motorist coverage, when agreement of the parties, the only issue to
be determined by the Court was whether Gary Mullins was a covered
person......................................................................................................15

CONCLUSION...................................................................................19

REQUEST FOR ARGUMENT ..........................................................20

i

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASE LAW:**

**Federal Cases:**

T-Mobile Ne. LLC v. City Council of Newport,
    674 F.3d 380 (4th Cir. 2012) ..........................................................................11

**State Cases:**

Jenkins v. City of Elkins,
    230 W.Va. 335, 738 S.E.2d 1 (2012) ...........................................................13

Keffer v. Prudential Ins. Co. of America,
    153 W. Va. 813, 172 S.E.2d 714 (1970) ........................................... 15-16, 17

National Mut. Ins. Co. v. McMahon & Sons, Inc.,
    177 W. Va. 734, 356 S.E.2d 488 (1987) ......................................................15

Shamblin v. Nationwide Mut. Ins. Co.,
    175 W. Va. 337, 332 S.E.2d 639 (1985) ......................................................16

Soliva v. Shand, Morahan & Co., Inc.,
    176 W. Va. 430, 345 S.E.2d 33 (1986) ........................................................15

State Auto. Mut. Ins. Co. v. Youler,
    183 W. Va. 556, 396 S.E.2d 737 (1990) ......................................................19

State ex rel. State Farm Mutual Auto. Ins. Co. v. Canady,
    197 W. Va. 107, 475 S.E.2d 107 (1996) ......................................................13

**STATE CODE OF REGULATIONS:**

W. Va. C.S.R. § 114-14-2.3 (2006) .......................................................................6

W. Va. C.S.R. § 114-14-2.8 (2006) .......................................................................6

**FEDERAL STATUTES:**

28 U.S.C. § 1291 ...................................................................................1

28 U.S.C. § 2201 ...................................................................................1

**STATE STATUTES:**

W. Va. Code § 17D-4-12 ......................................................................10

W. Va. Code § 33-6-31(b) ...............................................................10, 13

W. Va. Code § 33-6-31(c) ...............................................................12, 17

W. Va. Code § 33-6-31(d) ..............................................................4, 7, 9

**RULES:**

Fed. R. Civ. P. 57 ..................................................................................1

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The underlying cause of action was initiated in the Southern District of West Virginia by Encompass Indemnity Company, an Illinois corporation, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 against G. Patrick Jacobs, Executor of the Estate of George Joseph Jacobs, deceased, a resident of Kanawha County, West Virginia. Jurisdiction was based upon complete diversity of the parties and an amount in controversy exceeding $75,000.00. Appellate jurisdiction is based upon the District Court's granting of summary judgment to Encompass Indemnity which was a final decision. Both the Order granting Summary Judgment (JA 493) and the Judgment Order (JA 506) were entered on August 18, 2014. The Notice of Appeal was filed on September 10, 2014. (JA 508) Courts of appeal have jurisdiction from all final decisions of the district courts of the United States. 28 U.S.C. § 1291

## STATEMENT OF THE ISSUES

1.  Whether the District Court erred by sua sponte granting summary judgment and concluding Encompass owed no duty to provide coverage of any type to George Jacobs when it was admitted by Encompass that George Jacobs is a 'covered person' under all segments of the Policy, including the uninsured motorist coverage segment?

1

2.      Whether the District Court erred when it stripped George Jacobs of his uninsured motorist coverage, when the only issue, by agreement of the parties, to be determined by the Court was whether Gary Mullins was a "covered person"?

## STATEMENT OF THE CASE AND FACTS

Appellant is the Executor of the Estate of George Joseph Jacobs, Jr. Appellee, Encompass Indemnity Company, issued to George Jacobs, Jr. ("Mr. Jacobs") and his wife, Julia A. Jacobs, Policy No. 239822945 ("the Policy"), which provided for (1) motor vehicle coverage including liability, uninsured and underinsured motorist coverage; (2) homeowner liability coverage; and (3) personal umbrella coverage. (JA 9 thru 25)

On January 11, 2011, Mr. Jacobs, then age 83, drove to the Kanawha City Kroger to shop on Senior Citizen's Discount Day. Moments after parking his car, Mr. Jacobs was accosted by an intruder, who forced his way into Mr. Jacobs' vehicle. The intruder was later identified as Gary Wayne Mullins ("Mullins"). After forcing his way into Mr. Jacobs' car, Mullins threatened Mr. Jacobs with his life and demanded money from him. (JA 42)

Fearing he would be killed or seriously injured if he did not comply with Mullins' demands, Mr. Jacobs succumbed to Mullins' threats. Mullins demanded $2,000.00 from Mr. Jacobs. Mr. Jacobs told Mullins he did not have that kind of

money with him.  Mullins ordered Mr. Jacobs to leave the Kroger parking lot and drive to his home. Continuing to fear for his life, Mr. Jacobs did as he was told and drove to his home, approximately 2 miles away.   After arriving at his home, Mullins forced Mr. Jacobs into the house where Mr. Jacobs found $1,800.00 which he gave to Mullins. (JA 43)

Mullins was not satisfied with $1,800.00 and continued to demand a total of $2,000.00.  Mr. Jacobs did not have any more cash but could write a check. Mullins forced Mr. Jacobs back into his car and ordered him to drive to the Bank, where Mr. Jacobs cashed a $200.00 check at the drive-thru window and gave the money to Mullins.  Mr. Jacobs was forced to drive back to the Kroger parking lot, where Mullins threatened Mr. Jacobs again, if Mr. Jacobs exposed Mullins to anyone.  Mullins then exited the Jacobs vehicle leaving Mr. Jacobs alone in his car. (JA 44)

Over the next several months, Mullins would appear at Mr. Jacobs' home and demand and take additional money from him. (JA 45)   Eventually, Mr. Mullins' criminal activity was discovered and he was indicted by a Kanawha County grand jury for kidnapping (JA 45).   On February 6, 2012, Mr. Jacobs testified against Mullins. On February 7, 2012, less than 24 hours after testifying, Mr. Jacobs died. (JA 46)  On that same day, Mullins was found guilty of felony

kidnapping. Mullins was sentenced to a term of imprisonment of 25 years. (JA 231-232)

On January 10, 2013, following Mr. Jacobs' death, his son, G. Patrick Jacobs, as Executor, filed a wrongful death civil action against Mullins in the Circuit Court of Kanawha County, West Virginia. (JA 41) Then, as required by West Virginia Code 33-6-31(d), the Estate served Encompass Indemnity Company ("Encompass") as the <u>uninsured/underinsured motorist</u> carrier for George Jacobs with a copy of the Summons and Complaint.[1]  The Jacobs Estate contended, among other things, that Gary Mullins was an uninsured motorist who caused bodily injury to Mr. Jacobs eventually resulting in his death.   In responses to discovery, the Estate also suggested Encompass <u>may</u> have additional duties under the homeowners and umbrella provisions of the Jacobs Policy.  The suggestion was a reservation of those claims pending future discovery. (JA 180-181).

On February 14, 2013, Encompass filed a Notice of Appearance, Answer to Complaint and Affirmative Defenses.  Among its affirmative defenses, Encompass

---

[1] Any insured intending to rely on the coverage required by subsection (b) of this section shall, <u>if any action be instituted against the owner or operator of an uninsured or underinsured motor vehicle</u>, <u>cause a copy of the summons and complaint to be served upon the insurance company issuing the policy</u>, in the same manner prescribed by law, as though such insurance company were a named party defendant; such company shall thereafter have the right to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of the uninsured or underinsured motor vehicle or in its own name.
***W. Va. Code 33-6-31(d)*** (<u>emphasis added</u>)

asserted that "no coverage is afforded for the Plaintiff's claims, in as much as the decedent did not sustain bodily injury caused by an accident; Mullins' liability, if any, for the Plaintiff's claims does not arise from the ownership, maintenance or use of an uninsured or underinsured motor vehicle; and the death of George Joseph Jacobs, Jr. was caused by pre-existing or an intervening cause and not from the acts and/or occurrences alleged in the Complaint. (JA 482)

On March 8, 2013, Encompass filed a declaratory judgment action in the United States District Court asking the court to address the "coverage" issues concerning the Policy. (JA 7) Encompass asserted that the (1) Policy did not afford uninsured or underinsured motorist coverage because no claims were made by Jacobs that he is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle; (2) that Jacobs was the operator of his own motor vehicle and the vehicle was insured; (3) Jacobs did not sustain bodily injury caused by an accident; (4) the alleged harm did not arise out of the ownership, maintenance or use of an uninsured motor vehicle and (5) to the extent Jacobs will attempt to assert Mullins was using the motor vehicle, the coverage is inapplicable because Mullins did not have consent to use the motor vehicle. (JA 26)

Thereafter, Encompass moved for Summary Judgment asserting opposing positions. (JA 39) First, that under the uninsured/underinsured segment of the

Policy, Jacobs was a "covered person" and Mullins was <u>not</u> "a covered person."
Second, that Mullins was not the operator of the Jacobs' vehicle. Third, that
Jacobs was the operator of his own vehicle and the vehicle was insured. Fourth,
that to the extent Mullins was using the motor vehicle, he was not a "covered
person" as he did not have consent to use or operate the Jacobs vehicle. (JA 196)

Upon review of these competing positions and in order to rule on the motion
for summary judgment, the district court concluded at the Pre-Trial hearing it was
only necessary to determine if Gary Mullins was a "covered person". (JA 460)
The Court directed Jacobs to supplement his Response to the Motion for Summary
Judgment[2] to more fully address the "covered person" status of Mullins[3].

Thereafter, on August 15, 2014, the district court granted summary judgment
concluding that Encompass was entitled to summary judgment as to any claim that
it had liability to defend or indemnify <u>Mullins</u> pursuant to the "Motor Vehicle

---

[2] Executor Jacobs complied with the Court's directive to advance argument
supporting circumstances under which Mullins could be a "covered person". The
Estate's interest in resolving that issue was directed at whether the wrongful death
claim would proceed against the liability segment of the Policy or the uninsured
motorist segment of the Policy. An insurer has different duties to its insured based
upon the type of coverage being pursed, *i.e.* liability vs. uninsured a/k/a third party
or first party.

[3] Under *W. Va. C.S.R. § 114-14-2.3 (2006)*, the Commissioner has defined a first-
party claimant, in part, as an individual ... asserting a right to payment under an
<u>insurance policy</u> arising out of the occurrence of the contingency or loss covered
by such policy or contract. A third-party claimant is defined under *W. Va. C.S.R. §
114-14-2.8*, in part, as any individual ... asserting a claim against <u>any individual</u> ...
insured under an insurance policy or insurance contract of an insurer.

segment of the Policy", (JA 502) the "Home Segment of the Policy" (JA 502) or the "Umbrella Segment of the Policy" (JA 503).  In Footnote #11, the district court, sua sponte, rejected any argument or claim <u>by the Estate</u> that uninsured motorist coverage was available.  The sua sponte ruling specifically stated that "Because <u>Mullins is also not a covered person</u> as defined in this segment of the Policy, no coverage exists". (JA 502)  (<u>emphasis added</u>)

The Appellant requests that the sua sponte portion of Memorandum Opinion and Order granting summary judgment be reversed to the extent that it concludes that the Encompass Policy does not afford uninsured motorist coverage to George Jacobs.  There was never a dispute between the parties that Mr. Jacobs was a "covered person" under all segments of the Policy, including the uninsured motorist segment. (JA 497)  The underlying wrongful death claim is based upon events arising out of an uninsured motorist claim, which is why Jacobs placed Encompass on notice of the claim pursuant to *West Virginia Code 33-6-31(d)*.

A finding that Mullins is not a "covered person" under the uninsured motorist provision of the Policy does not strip George Jacobs, the named insured, of his uninsured motorist benefits.  Mullins status as a "covered person" or "not a covered person" under any segment of the Policy cannot negate George Jacobs' uninsured motorist coverage.

The district court was only asked to determine whether Encompass owed Mullins a duty to defend or indemnify under the various segments of the Policy, *i.e.* Motor Vehicle, Home and Umbrella.  If Mullins was a "covered person" under those segments of the Policy then Encompass would be required to provide Mullins liability coverage defend and indemnify him. If Mullins was "not a covered person" under those segments of the Policy, then Encompass would not have a duty to defend or indemnify Mullins.  The district court found that Mullins was not a "covered person" and that Encompass had no duty to defend or indemnify Mullins.  Determining Mullins' classification as a covered or not covered person, defines the claim of Jacobs as either a first party insured or a third party as well as the duties, if any, of Encompass to Mullins.

The district court was not asked to, nor did it need to, determine whether George Jacobs was a covered person and entitled to uninsured motorist coverage as that issue was conceded by Encompass at the outset and even acknowledged by the Court. (JA 497)  The district court's ruling on Mullins being a "covered person" or not a "covered person" was necessary to determine which segment of the policy Mr. Jacobs would pursue.  It has always been Jacobs' position that he could pursue the uninsured motorist segment of the policy. Encompass, however, disagreed and filed a Declaratory Judgment Action taking the position that the Jacobs' vehicle was not "uninsured" and Mullins was not the operator. (JA 26)  Both of those

8

issues have now been decided by the district court. Problematic, however, is the district court's sua sponte finding <u>rejecting</u> the Estate's entitlement to uninsured motorist coverage.

## SUMMARY OF THE ARGUMENT

There was never a dispute between the parties about Mr. Jacobs' status as a "covered person" under all segments of the Policy, including the uninsured motorist segment. (JA 497)  The underlying wrongful death claim is based upon events carried out by an uninsured motorist, *i.e.* Gary Mullins, which is why the Estate of George Jacobs placed Encompass on notice of the claim pursuant to *West Virginia Code 33-6-31(d)*.  Encompass conceded that George Jacobs was a "**covered person**" under the unambiguous terms of the Motor Vehicle segment of the policy, the Homeowners segment of the policy and the Umbrella segment of the policy. (JA at 13, 18, 21 and 23).  This point was never disputed.

In the Memorandum Opinion and Order, the district court credited Estate's proposition that Mullins was using or operating the Jacobs vehicle for his own benefit by threatening Mr. Jacobs with serious bodily harm. (JA at 498 and 501) The district court acknowledged that Mullins' used the Jacobs' vehicle albeit without permission or consent. (JA 498)  Operating or using the Jacobs' vehicle without permission or consent, by definition makes Mullins a "not covered person".  Because Mullins is not a "covered person", he is not entitled to be

defended or indemnified by Encompass under any segment of the Policy. Appellant does not dispute this point.

However, declaring Mullins a not "covered person" under the Policy does not equate to George Jacobs not being a "covered person", nor does it eliminate uninsured motorist coverage for Jacobs. To the contrary, Mullins' status as "not a covered person" makes him uninsured and then defines the wrongful death claim of George Jacobs as an uninsured motorist claim.

The district court improperly granted summary judgment sua sponte under the uninsured motorist segment of the Policy based upon a finding that Mullins was not a covered person. Clearly, the Encompass policy affords coverage to any *covered person, specifically George Jacobs*, because he is legally entitled to recover from the operator of an uninsured motor vehicle for bodily injury sustained and caused by an accident.[4]

Under West Virginia law, every driver is required to carry a minimum of $20,000 in coverage for uninsured motorists. *W. Va. Code § 17D-4-12* and *W. Va. Code § 33-6-31(b)* More than being able to protect you while you are in your car, uninsured motorist insurance also extends its benefits even when you are a mere pedestrian. For example, if Mr. Jacobs was hit by a vehicle while walking on the Kroger parking lot and the driver makes a getaway, Mr. Jacobs' uninsured motorist

---

[4] The Court did not reach the question of whether Mr. Jacobs was injured through the use of the vehicle. (JA at 501)

10

insurance agrees <u>to pay him</u> compensatory damages he is legally entitled to recover from the operator of the uninsured motor vehicle.

When reviewing the district court's sua sponte ruling, it is clear that the Court is under the mistaken impression that because Mullins is not a "covered person" under the uninsured portion of the Policy, that Mr. Jacobs somehow becomes uninsured. This impression is simply wrong. If Jacobs proves damages arising from the action of an uninsured motorist, then Encompass must afford uninsured motorist coverage to Mr. Jacobs.

## **ARGUMENT**

### **Standard of Review**

A district court's decision granting summary judgment is reviewed de novo, applying the same legal standards as the district court and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party, here the Estate of George Jacobs. <u>T-Mobile Ne. LLC v. City Council of Newport</u>, 674 F.3d 380, 384-85 (4th Cir. 2012)

**Discussion**

**The District Court erred by concluding Encompass owed no duty to provide coverage of any type to George Jacobs, when it is admitted by Encompass that Jacobs is a 'covered person' under all segments of the Policy, including the uninsured motorist coverage segment**

The Jacobs' Estate acknowledges that Encompass has no duty to defend or indemnify Gary Mullins under the Policy. The Jacobs' Estate also acknowledges that coverage is not available to Gary Mullins under the Policy. The Jacobs Estate, however, does not acknowledge, concede nor has it waived any argument that coverage is available to George Jacobs under the uninsured motorist provision of the Policy. If Jacobs proves damages arising from the actions of an uninsured motorist, then Encompass is obligated to provide uninsured motorist benefits to him.

a.    **Uninsured Motorist Coverage**

The statutory definition of "uninsured motor vehicle" is a motor vehicle as to which there is no bodily injury liability insurance and property damage liability insurance. *W. Va. Code § 33-6-31(c)* The definition of uninsured motor vehicle provided by *W. Va. Code § 33-6-31(c)* requires <u>only</u> that a vehicle not have personal injury and property liability coverage. Under the statutory definition of "uninsured motor vehicle," coverage is triggered when a person sustains an

12

automobile injury or loss that is caused by a tortfeasor who has no bodily injury liability insurance.

Uninsured motorist coverage represents substituted liability in the sense that a determination that the uninsured motorist is legally liable to the insured is the only condition precedent to the obligation to pay the named insured on the policy. State ex rel. State Farm Mutual Auto. Ins. Co. v. Canady, 197 W. Va. 107, 475 S.E.2d 107 (1996). In the case at bar, the district court found that Gary Mullins had no bodily injury liability insurance. He is therefore uninsured.

### b. Legally Entitled to Recover

West Virginia is a mandatory compulsory uninsured motorist insurance State that requires that "No policy or contract be so issued or delivered unless it shall contain an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle". *W. Va. Code § 33-6-31(b)* (Emphasis Added)

The phrase "legally entitled to recover" contained in the uninsured motorist statute is construed to mean that an insured is entitled to uninsured coverage merely by establishing fault on the part of the tortfeasor[5] and the amount of the insured's damages. Jenkins v. City of Elkins, 230 W. Va. 335, 738 S.E.2d 1 (2012) *W. Va. Code § 33-6-31(b)* The legislature has articulated a public policy of full

---

[5] Causation for Mr. Jacobs death was established in the wrongful death case by Harold Bursztajn, M.D. (JA at 397)

indemnification or compensation underlying uninsured motorist (UM) coverage in the State of West Virginia; that is, the preeminent public policy of this state in uninsured motorist cases is that the injured person be fully compensated for his or her damages not compensated by a tortfeasor, up to the limits of the UM coverage. *Id.* The district court did not rule upon whether Mr. Jacobs was injured through the use of the vehicle. (JA 501)

A viable uninsured motorist claim requires two components: (1) a motor vehicle which has no bodily injury liability insurance and (2) a covered person that sustains injury or loss caused by a vehicle that has no bodily injury liability insurance. In this case, the district court concluded that when Mullins was using or operating the Jacobs vehicle there was no bodily injury liability insurance and (2) there no question that Mullins caused bodily injury to George Jacobs. It is undisputed that George Jacobs was "still a covered person" under the uninsured motorist segment of the policy. (JA at 196)  Consequently, uninsured motorist coverage cannot be denied to his Estate.

The district court, however, concluded in Footnote #11 that because Mullins was not a covered person that "no coverage exists." (JA 502)  This is incorrect. The absence of Mullins's status as a covered person, <u>does not</u> eliminate UM/UIM coverage for George Jacobs.  Encompass is required to pay compensatory damages George Jacobs is legally entitled to recover from the operator of a vehicle that had

14

no bodily injury liability insurance. The district court inappropriately granted summary judgment sua sponte to Encompass on the Jacobs' uninsured motorist claim.

> **The District Court erred by stripping George Jacobs of his uninsured motorist coverage, when by agreement of the parties, the only issue to be determined by the Court was whether Gary Mullins was a covered person**

Granting summary judgment in favor of Encompass and finding no uninsured motorist coverage exists for George Jacobs was not proper. Pursuant to the uninsured segment of the Policy, George Jacobs was still a covered person and legally entitled to his uninsured motorist coverage.

The Insuring Agreement in the Encompass policy (JA 149 and 150) states:

> We will pay compensatory damages which any covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle where such coverage is indicated as applicable in the Coverage summary because of bodily injury sustained by any covered person by an accident.

The language in an insurance policy should be given its plain, ordinary meaning. Syl. pt. 1, <u>Soliva v. Shand, Morahan & Co., Inc.</u>, 176 W. Va. 430, 345 S.E.2d 33 (1986), abrogated on other grounds by <u>National Mut. Ins. Co. v. McMahon & Sons, Inc.</u>, 177 W. Va. 734, 356 S.E.2d 488 (1987). It is well established that where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended. <u>Keffer v. Prudential Ins. Co. of</u>

15

America, 153 W. Va. 813, 172 S.E.2d 714 (1970). *See also* Syl. pt. 2, Shamblin v. Nationwide Mut. Ins. Co., 175 W. Va. 337, 332 S.E.2d 639 (1985) ("Where provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed.").

Encompass never even attempted to argue that Jacobs was not a covered person.  In an attempt to deny coverage to Jacobs, Encompass instead argued that Mullins did not operate or use the Jacobs' vehicle.  The district court, however, found the contrary to be true. Encompass also argued that Mullins was not a covered person under any segment of the Policy and the district court agreed. These two findings equate to a Mullins using or operating a vehicle without motor vehicle liability coverage.  As a fundamental matter, the district court was not asked to change or alter Mr. Jacobs' status or coverage in any way. The entire focus was always on the status of Gary Mullins, *i.e.* was he a "covered person or not"?

This case was filed as a declaratory judgment action by an insurer seeking to determine whether it had a duty to defend or indemnify Gary Mullins. To resolve that issue, the district court narrowly focused upon whether Mullins was a "covered person" under the Policy.  After its review, the district court found that Mullins was not a covered person and that Encompass had no duty to defend or

16

indemnify Mullins under the Policy. There was nothing more remotely needed to resolve that issue. However, in Footnote #11, the district court unexpectedly moved into the realm of "because Mullins is also not a covered person as defined in the uninsured/underinsured segment of the Policy, no coverage exists". The Court then stated "for these reasons, Encompass's motion for summary judgment is GRANTED." (JA 504)

The Appellant does not dispute that Mullins is not a covered person under the UM/UIM provision of the Policy. But, the Appellant absolutely does dispute a finding that George Jacobs is not a covered person or that he is not entitled to UM/UIM coverage. Clearly, George Jacobs is the named insured and was injured by Mullins, a person without liability insurance coverage using a vehicle. These facts are the epitome of an uninsured motorist claim. It is well established that where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation. Shamblin v. Nationwide Mut. Ins. Co., 175 W. Va. 337, 332 S.E.2d 639 (1985) The uninsured motorist provision as it applies to George Jacobs is plain and unambiguous and is not contrary to a statute, regulation, or public policy. Accordingly, the provision should be applied, not construed, not altered and certainly not eliminated.

Under the definition of uninsured motor vehicle contained in *W. Va. Code § 33-6-31(c)* uninsured motor vehicle coverage is triggered when a person sustains

an injury or loss that is caused by a tortfeasor who has no motor vehicle liability insurance. Once the district court determined that Gary <u>Mullins</u> was operating or using a vehicle and <u>not a covered person</u>, the uninsured motorist coverage provisions of the Policy is triggered.

Encompass initially contended that uninsured motorist coverage was not triggered because Mullins was not the operator of the Jacobs' vehicle. The district court disagreed and found <u>Mullins was using the vehicle</u> when he ordered Mr. Jacobs to drive to his home to retrieve money. The district court also thwarted the contention that the Jacobs' vehicle had liability coverage while being used by Mullins because Mullins was not a covered person.

In order to be legally entitled to recover his uninsured motorist coverage, all Jacobs has to do is demonstrate that Mullins was uninsured, was operating or using the vehicle, was at fault in causing injury and the extent of the damages suffered. The purpose of uninsured motorist coverage is to provide people with protection for themselves from motorists who cannot or will not pay for the damages they have caused. Encompass has no relation to Mullins, so allowing George Jacobs to recover uninsured motorist insurance benefits does not adversely affect any interest of Mullins. Despite the fact that Encompass has no duty to indemnify Mullins, it is obligated to indemnify Mr. Jacobs.

The West Virginia uninsured motorist insurance statutes reflect a strong public policy in favor of providing indemnification for persons who are injured by uninsured motorists.  It is well established that the preeminent public policy of this state in uninsured motorist cases is that the injured person be fully compensated for his damages up to the limits of the uninsured ... motorist coverage.  <u>State Auto. Mut. Ins. Co. v. Youler</u>, 183 W. Va. 556, 396 S.E.2d 737 (1990).  The important fact is that no compensation is available from Mullins and the Estate of George Jacobs should be fully compensated.

<u>**CONCLUSION**</u>

There was never a dispute between the parties that Mr. Jacobs was a "covered person" under the Policy, including the uninsured motorist segment.  The preeminent public policy in West Virginia in uninsured motorist cases is that the injured person be fully compensated for his damages not compensated by a tortfeasor, up to the limits of the UM coverage. West Virginia law uninsured motor vehicle coverage is triggered when a person sustains an injury or loss that is caused by a tortfeasor who has no motor vehicle liability.  The Estate of George Jacobs demonstrated that Mullins was uninsured and that Mr. Jacobs sustained an injury caused by Mullins.

The Appellant, G. Patrick Jacobs, Executor of the Estate of George Joseph Jacobs respectfully requests this Court reverse the sua sponte portion of

Memorandum Opinion and Judgment Order to the extent that it concludes that the

Encompass Policy does not afford uninsured motorist coverage to George Jacobs

and for such and other relief that this Court may deem just and proper.

### REQUEST FOR ARGUMENT

Appellants request oral argument.

Respectfully submitted

/s Cynthia M. Ranson
**Cynthia M. Ranson, WVSB #4983**
Ranson Law Offices, PLLC
1562 Kanawha Blvd., East
Post Office Box 3589
Charleston, West Virginia 25336
(304) 345-1990

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>4,585</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

 /s/ Cynthia M. Ranson        
Cynthia M. Ranson

Dated: November 10, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on November 10, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Brent K. Kesner
KESNER & KESNER, PLLC
P. O. Box 2587
Charleston, WV  25329
(304) 345-5200

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219